HAMILTON BEATTY *vs.* COUNTY OF SIBLEY.

November 29, 1884.

County Treasurer—Compensation.—A county treasurer, filling the office under appointment for a period less than one year, is entitled to receive as compensation the statutory percentage on moneys collected by him, although such percentage exceeds the proportionate amount, for such part of a year, of the yearly compensation as limited by the proviso to Gen. St. 1878, c. 8, § 172.

Appeal by defendant from a judgment of the district court for Sibley county, *Macdonald,* J., presiding.

*Sylvester Kipp,* for appellant.

*W. H. Leeman,* for respondent.

DICKINSON, J.   The plaintiff was appointed to fill a vacancy in the office of county treasurer of Sibley county, and under the appointment assumed and discharged the duties of the office from March 1, 1882, until November 27, 1882, at which time a successor who had been elected to the office qualified and assumed its duties.   The sole question in the case is as to whether the plaintiff is entitled to receive from the county as compensation the full statutory percentage on moneys collected by him while in office, or only compensation during that time at the rate of $1,200 per year.   The percentage would amount to less than $1,200, but would exceed the sum of $100 per month during the period of service.   The statute is as follows: "The county treasurer shall be allowed at the time of his settlement all sums paid by him for printing,   *   *   *   and shall receive for his services one-half of one per cent. as fees for receiving and disbursing all moneys on account of sales of school lands or the payment of interest on school lands, to be paid him upon the warrant of the state auditor, and on all other moneys by him collected or received as such county treasurer, for each year's services, as follows: four and one-half cents on each dollar for the first ten thousand dollars; three cents on each dollar on the second ten thousand dollars; and two cents on each dollar on all sums over twenty thousand dollars and less than sixty thousand

dollars; and one per cent. on each dollar on all sums over sixty thousand ·dollars,—to be paid on the warrants of the county auditor out of the revenue fund of the county: * * * *provided*, that no treasurer shall receive more than twelve hundred dollars for his personal services in any one year, in counties where the valuation of taxable property is less than four million dollars, * * * and all moneys received as fees or percentage in excess of amount provided for in this act, shall be paid by the county treasurer at the end of each year into the revenue fund of the county." Gen. St. 1878, *c.* 8, § 172, as amended by Laws 1881, *c.* 38.

The valuation in Sibley county was less than four million dollars. The statute clearly measures the compensation which a county treasurer shall receive for each year's service by a stated percentage of the amount of moneys collected by him. This is unlimited, except. by the proviso that it shall not exceed the sums prescribed, ($1,200 in this county.) This proviso has not the effect to limit the percentage receivable throughout the year to a rate not exceeding $1,200 a year, and proportional sums for less periods. Upon settlement with the county auditor, (which is required by statute to be made at stated times,) the treasurer is entitled to the allowance and payment of the stated percentage within the limitations prescribed. That the statute contemplates that such payments may be made upon settlement with the county auditor during the year, and not merely at the expiration of it, is apparent from the language of the first part of the section above quoted.

The right of the treasurer to receive the specified percentage is not made to depend upon his having completed a full year of service, and is not affected by the fact, occurring in a peculiar case, that, having filled the office for a period of less than a year, it became his duty to. surrender it to a successor. Not only has the legislature made no. provision for apportioning the payment with reference to any period. of service less than a year, but the prescribed and specified measure· and manner of payment are inconsistent with any principle of apportionment. The only mode or measure of compensation allowed by law is the stated percentage of moneys received.

The distinguishing fact in the case of *State* v. *Frizzell*, 31 Minn.

460, where an apportionment was made of the stated yearly compensation, was that by special statute the compensation was fixed at a yearly salary. It may be that the enforcement of the law may lead to results, in peculiar cases not anticipated by the legislature, and show the expediency of amendment. We have not disregarded these considerations so far as they could properly bear upon the legal construction to be put upon the statute.

Our conclusion is in accordance with the decision of the district court, and its judgment is affirmed.